PAUL WAGNER, SR., as Administrator of the Estate of PAUL WAGNER, JR., Appellant, v. SYMINGTON-GOULD CORPORATION, Respondent et al., Defendants.— Judgments, so far as appealed from, affirmed, with costs. All concur. (The portion of the judgments appealed from dismiss the complaint in a negligence action.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

WILLIAM WERCHING, Respondent, v. JOSEPH HANNA, Doing Business under the Name of "HANNA DISTRIBUTING COMPANY", et al., Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

MARGARET WERCHING, Respondent, v. JOSEPH HANNA, Doing Business under the Name of "HANNA DISTRIBUTING COMPANY", et al., Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Larkin, Vaughan and Kimball, JJ.

ANNA E. MORSE, as Administratrix of the Estate of JOSEPH MORSE, Deceased, et al., Respondents, v. ALLSTATE INSURANCE COMPANY, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The plaintiffs' action is upon a policy of liability insurance. The defendant sought to avoid liability by reason of alleged false representations and declarations of the plaintiff [Duval]. The plaintiff signed a written application which, by its terms, became a binder pending the issuance of the policy. Upon the trial, the defendant offered the written application in evidence but it was rejected by the court on the ground that the application was not attached to the policy and was therefore inadmissible under section 142 of the Insurance Law. That section has no application to policies of liability insurance. We think it was reversible error to refuse to receive the application in evidence and to keep it from the jury. The court, in its charge, explained to the jury why the application was not received and told the jury that it could not permit the application to be given to it for consideration. Such instruction could have created in the minds of the jury the impression that the representations of the plaintiff in the application were immaterial to the issue. It is unnecessary to pass upon the other assignments of error claimed by the defendant. All concur. (The judgment is for plaintiffs in an action by a judgment creditor under an automobile liability insurance policy.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.